*313 Memobaudum. Claimant’s employment, although physically in Minnesota, has been found upon an adequate record to have been so closely related to New York as to he governed by the New York Workmen’s Compensation Law and within the jurisdiction of the New York hoard. This result is not questioned on the present appeal. The controversy is between Michigan Mutual Insurance Co., which covered the employer under “ the workmen’s compensation law of” Minnesota and the Cosmopolitan Mutual Insurance Company, which covered the employer under the “ Workmen’s Compensation Law of New York ”.
Each has been charged by the Workmen’s Compensation Board with 50% of the award. The Michigan company resists this apportionment on the ground a liability under the New York compensation law, which is the sole basis of the New York board’s jurisdiction, was not within the risk undertaken by it. This seems to be right. Had the claimant filed a claim in Michigan and had it been held, as no doubt it could be, that this was a Michigan employment, Michigan Mutual would have been within the terms of its coverage.
But its coverage did not extend to a New York employment if, under the terms of its all-States’ endorsement, the employer had “ other insurance for such operations ”. It is clear from the finding of the board that Cosmopolitan Mutual had provided the employer with such “ other insurance ”. Hence, neither by its direct coverage nor by its all-States’ endorsement had Michigan incurred a liability for a claim under the New York compensation statute. Although there are equitable reasons to support the board’s decision, the legal liability of the carrier should not, under this record, be enlarged beyond its contractual under *314 taking. On this record the entire risk must he assumed by Cosmopolitan.
The order should be reversed, with costs in this court and in the Appellate Division, and the claim remitted to the Workmen’s Compensation Board for further proceedings not inconsistent with this Memorandum.
Chief Judge Desmond and Judges Ftjld, VaN Voorhis, Burke, Scileppi, Bergaet and Keating concur.
Order reversed, with costs in this court and in the Appellate Division to appellant Michigan Mutual, and matter remitted to the Workmen’s Compensation Board for further proceedings not inconsistent with the Memorandum herein.